IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: COMMUNITY HEALTH SYSTEMS, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | Case Nos. 2:14-cv-01620-KOB<br>2:15-cv-0224-KOB<br>2:15-cv-0225-KOB<br>2:15-cv-0226-KOB<br>2:15-cv-0227-KOB<br><br>MDL No. 2595<br><br>Hon. Karon O. Bowdre |

## TRANSFEREE PLAINTIFFS' MOTION FOR INITIAL STATUS CONFERENCE

### I.   BACKGROUND

Over the past several months and in anticipation of consolidation in this Court, counsel for Plaintiffs from all cases that have now been transferred to this Court as part of MDL No. 2595 [1] ("Transferee Plaintiffs") have been communicating and conferring in an effort to coordinate and streamline this litigation for the Court. Transferee Plaintiffs have asked and sought to include counsel for the *Alverson* case, which was originally filed in this Court, in these discussions and conferences, but have been largely unsuccessful in eliciting such participation.

Once the Transfer Order was signed on February 4, 2015, Transferee Plaintiffs began drafting a Motion for Initial Status Conference to submit to the Court so that the process of

---

[1] The transferred cases are identified on Schedule A to the Judicial Panel on Multidistrict Litigation's Transfer Order. (*See* MDL No. 2595, Dkt. 55).

1

addressing certain preliminary case management issues, including leadership appointments, consolidation of the actions (including the filing of a master complaint), coordination of discovery, and preservation of evidence could begin.

Once again, in an effort to solicit the participation of the *Alverson* counsel, counsel for the Transferee Plaintiffs called the *Alverson* counsel on February 10, 2015, to discuss filing a Motion for Initial Status Conference. Counsel for the Transferee Plaintiffs was advised that both counsel for the *Alverson* case, Donald Stewart and Dylan Reeves, were out of the office for the rest of the day. In an effort to facilitate progress, counsel for the Transferee Plaintiffs called Mr. Reeves on his cell phone to discuss the proposed Motion for Initial Status Conference. Counsel for Transferee Plaintiffs then forwarded a copy of the proposed draft Motion for Initial Status Conference at 4:03 p.m., with a signature block for the *Alverson* counsel, as requested.[2] Counsel for Transferee Plaintiffs asked Mr. Reeves if his firm could advise them the next day (that is, today) if counsel for the *Alverson* case would be amenable to joining in the proposed draft Motion.

Instead of responding to and engaging with counsel for Transferee Plaintiffs the next day as requested, however, counsel for the *Alverson* case elected to draft a one-page motion without consulting *any* of the counsel for the other cases and unilaterally filed their motion at 5:09 p.m. yesterday—or roughly an hour after receiving Transferee Plaintiffs' proposed draft Motion. Because certain issues were not addressed in the motion filed by the *Alverson* plaintiffs, Transferee Plaintiffs are filing the instant motion with this Court.

## II.     REQUEST FOR RELIEF

Transferee Plaintiffs respectfully request that the Court schedule an initial status

---

[2]     *See* Exhibit 1 attached hereto.

conference in this proceeding as soon as practicable to facilitate the orderly and efficient conduct of this litigation. In support of their motion, Transferee Plaintiffs state as follows:

1. These centralized putative class action lawsuits against Defendant Community Health Systems, Inc. and certain related companies (collectively, "CHS") arise from one of the largest medical data breaches in history. In July 2014, CHS confirmed that its computer network had been breached and that the highly sensitive of more than 4.5 million patients—including their names, home addresses, social security numbers, health information, and medical histories—had been compromised.

2. On February 4, 2015, upon petition under 28 U.S.C. § 1407, the Judicial Panel on Multidistrict Litigation ("JPML") centralized and transferred all pending actions concerning CHS's July 2014 data breach to this Court for coordinated pretrial proceedings. (*See* MDL No. 2595, Dkt. 49) ("These actions – all of which are putative nationwide class actions – share factual questions arising from the electronic theft of personally identifiable information and personal health information of approximately 4.5 million customers or patients of common defendants Community Health Systems, Inc., and Community Health Systems Professional Services Corporation. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification and other issues, and conserve the resources of the parties, their counsel, and the judiciary."); (*see also* MDL No. 2595, Dkt. 50).

3. Given the recent transfer, and in the interests of efficiency and coordination in this important litigation, Plaintiffs respectfully request that the Court schedule a status conference to address certain preliminary case management issues, including leadership appointments, consolidation of the actions (including the filing of a master complaint), coordination of discovery, and preservation of evidence. Transferee Plaintiffs have been in communication and

diligently working together to advance the litigation during the pendency of the JPML transfer motion.  As part of that process, they have given careful and deliberate thought and attention to the structure and composition of the Plaintiffs' Steering Committee and its leadership with a view towards inclusiveness and the various and considerable strengths that all counsel bring to this litigation.  Plaintiffs will continue to confer in this spirit and anticipate being able to present the Court with well-developed, thoroughly-analyzed strategies and proposals for advancing this litigation at the status conference requested in this Motion.

    4.    In the meantime, Transferee Plaintiffs are aware that there are certain motions presently pending before the Court in the *Alverson* matter—including CHS's Rule 12(e) motion for a more definite statement, CHS's Rule 12(b)(1) motion to dismiss, and the *Alverson* plaintiffs' motion for leave to file a third amended complaint—that could adversely impact the cases of Transferee Plaintiffs if briefed and ruled upon prior to Transferee Plaintiffs being afforded the opportunity to participate in such briefing. And further, briefing and ruling on such motions would be a waste of judicial resources given that once a leadership structure is chosen, a consolidated complaint will be filed which will supplant the pleadings currently before the Court. In light of the just recently-ordered transfer and to avoid any prejudice to any party, Transferee Plaintiffs respectfully request that the Court stay the *Alverson* matter until such time as a case management order has been entered and leadership has been appointed in this MDL proceeding.

    5.    Transferee Plaintiffs have been in communication with counsel for the *Alverson* plaintiffs, Stewart & Stewart, and requested that they join in this motion. They, however, elected to file their own as discussed above.

    WHEREFORE, Transferee Plaintiffs respectfully request that the Court enter an Order

(i)     setting this matter for a status conference at the Court's earliest convenience, and

(ii)    entering a stay in the underlying *Alverson* matter.

Dated: February 11, 2015

>Respectfully submitted,
>
>Counsel for Plaintiffs in *Brito v. Community Health Systems, Inc., et al.*, No. 2:15-cv-225-KOB:
>
>*/s/ electronically signed Mary Lou Boelcke*
>Turner W. Branch
>Margaret Moses Branch
>Mary Lou Boelcke
>BRANCH LAW FIRM
>2025 Rio Grande Blvd. NW
>Albuquerque, NM 87104
>Phone (505) 243-3500
>Fax (505) 243-3534
>tbranch@branchlawfirm.com
>mbranch@branchlawfirm.com
>mlboelcke@branchlawfirm.com
>
>Michael L. Slack
>Paula K. Knippa
>SLACK & DAVIS LLP
>2705 Bee Cave Rd., Ste. 220
>Austin, TX 78746
>Phone (512) 795-8686
>Fax (512) 795-8787
>mslack@slackdavis.com
>pknippa@slackdavis.com
>
>              *              *              *
>
>Counsel for Plaintiff in *Roman v. Community Health Systems, Inc., et al.* No. 2:15-cv-226-KOB:
>
>/s/
>Jay Edelson
>jedelson@edelson.com
>Ari J. Scharg
>ascharg@edelson.com
>Benjamin S. Thomassen

5

bthomassen@edelson.com
EDELSON PC
350 North LaSalle Street
Suite 1300
Chicago, Illinois 60640
Tel: 312.589.6370
Fax: 312.589.6378

    *    *    *

Counsel for Plaintiffs in *Glah, et al. v. Community Health Systems, Inc., et al.*, No. 2:15-cv-227-KOB:

/s/
Troy N. Giatras
THE GIATRAS LAW FIRM, PLLC
118 Capitol Street, Suite 400
Charleston, WV 25301
304-343-2900 (phone)
304-343-2942 (fax)

James F. Humphreys
JAMES F. HUMPHREYS & ASSOCIATES L.C.
10 Hale Street, Suite 400
Charleston, WV 25301
304-881-0652 (phone)
304-347-5055 (fax)

    *    *    *

Counsel for Plaintiffs in *Lawson, et al. v. Community Health Systems, Inc., et al.*, No. 2:15-cv-224-KOB:

/s/
Joe N. Tatum
TATUM & WADE, PLLC
P. O. Box 22688
Jackson, MS 39225-2688
(601) 948-7770
Jntatum@Aol.Com

Bradley Clanton
CLANTON LEGAL GROUP, PLLC
P. O. Box 4781
Jackson, MS 39296
 (601) 454-8794

6

Bradclantonlaw@Gmail.Com

Certificate of Service

I hereby certify that a copy of the foregoing Motion was filed electronically with the District Court for the Northern District of Alabama and served via CM/ECF to all counsel on this date, February 11, 2015.

Respectfully submitted,

*/s/ electronically signed Mary Lou Boelcke*
Mary Lou Boelcke